IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 06-10079-CIV-MOORE

NANCY STARNES, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE # 12).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

### I. Background

This suit arises out of an alleged sexual assault on Plaintiff Amanda Starnes by Roy Janniche while Starnes, a minor, was in the care of Jamelle Janniche, a daycare provider under the Military Family In-Home Daycare Program. See generally, Compl. Plaintiffs base their single claim on the negligence of the Defendant in the "certification, operation, inspection, instruction, training, management, and supervision of [the] daycare center." Compl. at 1. Plaintiffs claim this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1346(b), which creates jurisdiction over

> civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person,

> would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b), quoted in Pl. Resp. at 3. Defendant filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction and claims this Court lacks jurisdiction because the United States, if a private person, would not be liable to Plaintiffs under Florida law. Therefore, the Motion's substance is that of a motion to dismiss for failure to state a claim upon which relief can be granted under Florida law, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See generally, Def. Mot. Defendant claims (A) Florida law does not create liability for Defendant for "negligent certification, licensure, or authorization of a family home day care facility," Def. Mot. at 2, and (B) Defendant did not have an affirmative duty of care to protect Starnes. Def. Mot. at 14-18 (the section of Defendant's Motion making this argument is actually titled "The United States **Did** Owe An Affirmative Duty to Plaintiffs," but this Court will treat the title as a typing error, rather than an admission, as the substance of the section argues that no such duty was owed).

## II.     Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. SEC v. ESM Group, Inc., 835 F.2d 270, 272 (11th Cir. 1988). Further, the Court should not grant a motion to dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citations omitted); South Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). Specifically, "[i]t

2

is a well-settled principle of law that a complaint should not be dismissed merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on *any* possible theory." Bowers v. Hardwick, 478 U.S. 186, 201-02 (1986) (Blackmun, J., dissenting) (quotations omitted); see Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).

### III.   Discussion

The Plaintiffs' claim against the United States of America is based on 28 U.S.C. § 1346(b)(1) which is quoted above, the Federal Tort Claims Act, codified at 28 U.S.C. 2671-80 et. seq., and Florida common law of torts. See generally, Compl. Defendant argues that the United States, treated as an individual, would not be liable under Florida law for the reasons discussed below, and thus 28 U.S.C. § 1346(b)(1) does not grant subject matter jurisdiction over the present claim.

Defendant claims Florida law creates no liability for "certification, licensure, or authorization of a family home day care facility" Def. Mot. at 2. Defendant differentiates between "military child development centers" which are "operated by the Secretary of a military department" and the "family home day care" services which are merely certified, licensed, or authorized by Secretary. Id. at 3-4. Defendant asserts that Jamelle Janniche operated the latter type, and that the Defendant's role in her day care facility were strictly limited to "certification, licensure or authorization." Id. Defendant then cites cases in which governmental regulating bodies were held not to owe a duty of care to individuals interacting with the regulated entities. Id. at 4-7 discussing Howell v. United States, 932 F.2d 915 (11th Cir. 1991) and Brown v. Dep't. of Health and Rehab. Serv., 690 S.2d 641 (1st DCA 1997). Additionally, Defendant claims the good samaritan doctrine does not create liability because Defendant did not "undertake a duty to

3

render services to the plaintiffs," or "assume a duty to plaintiffs by certifying Jamelle Janniche." Def. Mot. at 8-10.

Defendant's arguments against liability hinge on its characterization of the government's involvement with Jamelle Janniche's day care facility as limited to "licensing, permitting, certification, or authorization." Def. Mot. at 7. Plaintiffs' complaint, however, alleges that Defendant was not only responsible for those tasks, but also operated, supervised, and managed the facility, including training and instructing the staff. Compl. at 1. Defendant does not argue that the manager or operator of a day care facility cannot be held liable under a negligence theory for the sexual molestation of a child in its care, and admits that it would owe a duty to "safeguard and protect children entrusted to its care" in a military child development center. Def. Mot. 15-16. Plaintiff has alleged Defendant had control of the day care facility, which, if true, could provide grounds for finding the Defendant had, or assumed, a duty to protect Starnes. See Doe v. United States, 838 F.2d 220, 225 (7th Cir. 1988).

## IV.    Conclusion

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (DE # 12) is DENIED. The Plaintiffs have alleged facts which may entitle them to relief under Florida law, giving this Court subject matter jurisdiction over this case under 28 U.S.C. § 1346(b).

DONE AND ORDERED in Chambers at Miami, Florida, this 29th day of December, 2006.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record